## JOHN BROWN v. STATE.

No. A-10710.  Aug. 20, 1947.

(184 P. 2d 120.)

442

O. A. Brewer, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

BRETT, J. This is an appeal from the county court of Choctaw county, Okla., wherein John Brown was charged, by information, on November 19, 1943, with the offense of unlawful possession of 47 half-pints tax-paid whisky, convicted, on a plea of guilty on February 29, 1944, and sentenced on September 15, 1945, to 30 days in jail and to pay a fine of $100.

No brief has been filed in this case and no appearance on behalf of the defendant made at the time said cause was set for hearing, November 13, 1946, or at any time subsequent thereto. Where the defendant appeals from a judgment of conviction, and neither any brief is filed nor appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record for jurisdictional errors. If no fundamental error appears, the judgment will be affirmed. We have examined the record and find that the information is sufficient to charge the offense of unlawful possession of intoxicating liquor.

The defendant's sole complaint is based on the contention that the court lost jurisdiction to pronounce judgment and sentence. This contention might have some merit in it if the delay had been for a long and unreasonable length of time; so long in fact as to prejudice the rights of the defendant. Whatever delay occurred in this case was due to the illness of Judge T. W. Hunter, who died on June 10, 1944, and due to the lack of familiarity of his successor, Honorable Eugene D. Ellis, with the trial docket. It is apparent that whatever delay occurred in pronouncing judgment and sentence was the result of an unavoidable casualty, not intentionally incurred, and was not for such unreasonable length of time as would tend to prejudice the defendant in his rights. Judge Ellis acted with dispatch in setting the matter for pronouncement of judgment and sentence. He did not delay an unreasonable length of time such as would tend to prejudice the defendant in his rights. On the record before us we have discovered no error which would warrant a reversal of the judgment of conviction and it appears that defendant was accorded a fair and impartial trial.

The judgment of the county court of Choctaw county is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.